UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

JB SPORTS, LLC,

Plaintiffs,

vs.                                              JURY TRIAL DEMANDED

BAUDUCCO FOODS, INC.

Defendant.

_____/

Plaintiff JB SPORTS, LLC ("Plaintiff"), by and through its undersigned counsel, for its Complaint against BAUDUCCO FOODS, INC. ("Defendant") hereby avers as follows:

## PARTIES

1.       Plaintiff is a limited liability company organized and existing under the laws of the State of Massachusetts.

2.       Plaintiff is registered to transact business within the State of Florida.

3.       On information and belief, Defendant is a corporation organized and existing under the laws of the State of Florida.

## JURISDICTION AND VENUE

4.       The Court has subject matter jurisdiction over this action pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202; the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.*, including 15 U.S.C. § 1121; and 28 U.S.C. §§ 1331, 1338, and 1367.

5.      Jurisdiction over the Florida common law counts is conferred upon this Court because there is a common nexus of operative facts giving rise to the substantial federal claims and to the state causes of action.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338 to hear the state law claims which are joined with the federal declaratory claims involving federal trademark infringement and unfair competition claims.

6.      Judicial economy, convenience, and fairness to the parties will result if this Court assumes and exercises its subject matter jurisdiction over all causes of action averred herein.

7.      Defendant is subject to general and specific jurisdiction in this Court, *inter alia*, because it's a Florida company, with its place of business is located within this District, it regularly conducts business within this District and has committed at least some of the acts complained of herein within this District.

8.      The causes of action against the Defendants arise pursuant to § 48.193, Fla. Stat. and from doing the following acts:

(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state;

(b) Committing a tortious act within this state;

(c) Engaging in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, whether or not the claim arises from the activity.

9.      On information and belief, Defendant sells large quantities of various products, namely food products, to customers throughout Florida, engages distributors based in Florida, maintains an interactive website accessed by residents of Florida, and otherwise avails itself of

the privilege of doing business in the State of Florida.

10.     Defendant has purposely directed its activities, including the acts against Plaintiff described below, toward this District and this action arises from those activities.

11.     Venue in this District is proper under 28 U.S.C. §1391(b) because:

(a) The claims arise in the Southern District of Florida under 28 U.S.C. §§ 1391(b)(2) and 1391(c); and

(b) Defendants are doing business in the Southern District of Florida by, among other things, selling its products within this district.

## BACKGROUND FACTS

12.     Defendant and its related companies are in the business of manufacturing and distributing various shelf-stable food products including, cakes, cookies, crackers, panettone, toast and similar products sold under the BAUDUCCO mark ("BAUDUCCO Products").

13.     Plaintiff is informed and believes that Defendant is a closely related company of PANDURATA ALIMENTOS LTDA ("PANDURATA ALIMENTOS"), a Brazilian limited liability company located at Rua Fritz Reiman, 628, Guarulhos, Sao Paulo, Brazil.  See Exhibit A.  (a screenshot from the Bauducco.com website which references Defendant and its Miami factory).

14.     Plaintiff is informed and believes that Defendant is a co-owner of the BAUDUCCO Registrations mentioned in the following paragraph.  See Exhibit B. (a copy of an Amazon policy warning notice sent to Plaintiff, reproducing a complaint from Defendant, Bauducco Foods, Inc., to Amazon in which it is holding itself out as "Brand Owner" of the two

registrations mentioned in the following paragraph).

15.     Defendant's related company PANDURATA ALIMENTOS is the listed registrant of the following U.S. Trademark Registrations for, *inter alia,* 2 trademark registrations containing the BAUDUCCO designation (Collectively "the BAUDUCCO Registrations").

| Mark | Application No./ Registration No. | International Class/Goods |
|------|-----------------------------------|--------------------------|
|  | 6612506 | Class 30. Cakes; panettones; cookies; toast; breads. |
| BAUDUCCO | 3637975 | Class 30.   Cakes;  Crackers;  Panettone; Toast. |

16.     Plaintiff is in the business of lawfully acquiring and re-selling various consumer products for a profit.

17.     Plaintiff resells products through various channels, including through an Amazon storefront.

18.     Since its formation, Plaintiff has served hundreds of thousands of customers through its Amazon storefront.

19.     Defendant's illegal actions have irreparably damaged, and threaten to destroy, Plaintiff's successful business.

## ONLINE MARKETPLACES

20.     Upon information and belief, Amazon is the world's largest online retailer.

21.     According to published reports, Amazon is worth more than the next eight largest retailers located in the United States combined. *See* JP Mangalindan, *Amazon is now worth more than America's 8 largest retailers combined,* Yahoo Finance (Jan. 25, 2017),

https://finance.yahoo.com/news/amazon-is-now-worth-more-than-americas-8-largest-retailers-combined-124101625.html

22.   Amazon's online e-commerce platform allows for third-parties, like Plaintiff, to sell products on its e-commerce platform.

23.   The privilege of selling on Amazon is highly advantageous, as Amazon provides third parties with exposure to the world marketplace on a scale that no other online retailer can currently provide.

24.   Since approximately 2000, Plaintiff and its predecessors have had a contractual and business relationship with Amazon, such that Plaintiff was and is permitted to sell products on Amazon'se-commerce platform.

25.   Plaintiff operates under the Amazon seller name of "Flexi Ventures 22 Years On-line."

26.   Third-party sellers, like Plaintiff, create an online storefront on Amazon. When a customer buys a product on Amazon, the customer can see the online store from which the customer is purchasing a product.  Thus, Plaintiff has the online equivalent of a brick-and-mortarstore.

27.   A significant portion of Plaintiff's business is derived from the sale of products on Amazon and, in particular, through its Amazon storefront.

28.   Once Plaintiff acquires products from reputable sources, Plaintiff resells the same products on Amazon at a profit.  In the present case, Plaintiff purchased the relevant products, namely genuine BAUDUCCO branded products directly from one of Defendant's authorized USA distributor, Triunfo Foods Import & Export Corp.

29.   In general, transactions on Plaintiff's Amazon storefront are completed by

Amazon, whereby Amazon ships Plaintiff's products from an Amazon warehouse (known as "Fulfilment by Amazon" or "FBA").

30.     Alternatively, transactions from Plaintiff's Amazon storefront can be completed via the Amazon platform, whereby Plaintiff ships the relevant products from Plaintiff's own warehouse (known as Fulfilment by Merchant" or "FBM").

31.     Plaintiff has invested significant efforts into building a successful and reputable Amazon storefront.

32.     Plaintiff's Amazon storefront has amassed over sixteen thousand reviews and holds a near perfect customer rating.  See Exhibit C.

33.     Plaintiff is a Top 5000 Amazon.com seller and is currently ranked 2,079 overall. However, a month ago Plaintiff was ranked 1,775th.  Plaintiff's rank is based on the number of positive reviews received during the last 30 days.  Id.

34.     Any harm that comes to the relationship between Plaintiff and Amazon creates a potential for serious and irreparable injury to Plaintiff.

### DEFENDANT'S ATTEMPT TO STIFLE COMPETITION BY FILING FALSE INTELLECTUAL PROPERTY COMPLAINTS

35.     On information and belief, Defendant seeks to increase their profits by controlling the distribution and pricing of their products, including the BAUDUCCO Products, through unlawful means.

36.     As demonstrated below, Defendant has engaged in a coordinated effort to preclude select third-parties from reselling genuine BAUDUCCO Products on online marketplaces by false allegations of intellectual property infringement, and defamation, including false allegations of violations of Amazon's seller policies (e.g., dropshipping).  See

Exhibit E (email received from Defendant stating that Defendant "are in the process of removing all unauthorized sellers from online marketplaces such as Amazon.com").

37.     On information and belief, the purpose of these false complaints and defamatory statements was to prevent Plaintiff from selling genuine BAUDUCCO Products on Amazon.

38.     On information and belief, the purpose of these false complaints was to damage Plaintiff's reputation and goodwill, such that Amazon would suspend or terminate its relationship with Plaintiff.

39.     Because Plaintiff sells only genuine products (which are in no way materially different from those sold directly through Defendant's authorized distributors) through its Amazon storefront,Defendant has no legitimate intellectual property claim(s) against Plaintiff.

40.     Under the First Sale Doctrine, Plaintiff is lawfully permitted to re-sell BAUDUCCO Products without violating the intellectual property rights or other legal rights of Defendant.

41.     The First Sale Doctrine provides that, once a manufacturer places a product in the stream of commerce through its First Sale Doctrine, it can no longer enforce its intellectual property rights with regard to re-sellers, so long as the re-sellers are selling authentic, unaltered products.

42.     All BAUDUCCO Products sold by Plaintiff are genuine, unaltered products, which are identical to those sold directly through Defendant's authorized distributors.

43.     Plaintiff follows the strictest possible quality control standards for all products it sells, including the genuine BAUDUCCO branded products at issue.  These quality control standards include, but are not limited to:

a) Storing any and all products in a cool, dry place, away from direct sunlight, extreme heat, and dampness;

b) Inspection of all products upon receipt and during storage for damage, defect, evidence of tampering, or other non-conformance, and to confirm that product seals have not been broken;

c) Inspection of all products at the time of sale for damage, defect, evidence of tampering, or other non-conformance, and to confirm that product seals have not been broken and to make certain that the relevant products have not expired or are soon to be expired;

d) Regular inspection of all products currently in inventory for expired or soon-to-be expired products and removal of any such products from inventory;

e) Provide prompt customer service to any end-consumer issues and if necessary, provide replacement products for any products damaged in shipping;

f) Comply with all relevant Current Good Manufacturing Practices, applicable local and federal laws, rules and regulations related to the storage and sale of the relevant products.

44.     It is well-known among brand owners that Amazon has a policy of acting on virtually any notice of intellectual property infringement, whether legitimate or not.

45.     As one Amazon expert explained:

In order to meet a minimum liability standard, Amazon will act upon properly submitted and completed notice claims of infringement. They will notify specified marketplace sellers which party reported them, on what listing, and how to reach that would-be rights owner via email. The rest though, is up to you. And, unless you (and possibly your legal team) can prove that the Notice claim is false, Amazon considers it valid and actionable.

***Unfortunately, word is out among potential Notice claim abusers that anyone can***

*submit a form.* Amazon [is] not worried about additional vetting or verification processes. Investigators merely check the form for completed content in all the right spaces, kill the listings and send off the notifications.

They don't independently verify that any of the information is actually correct, or valid. The rights owner makes a legally-binding declaration in the form, and signs it.

*See* Chris McCabe, *False Infringement Claims are Rife on Amazon*, Web Retailer (Apr. 11, 2018), https://www.webretailer.com/lean-commerce/false-infringement-claims-amazon/ (emphasis added).

46.     On information and belief, Defendant was, at all relevant times, aware of the foregoing Amazon policy with respect to reports of intellectual property infringement.

47.     On information and belief, Defendant was, at all relevant times, aware that Amazon will act on reports that a product is infringing Defendant's trademarks and false dropshipping allegations regardless of the truth of the report.

48.     Defendant filed a complaint with Amazon that alleged that Plaintiff's sales of BAUDUCCO Products were in violation of its "intellectual property" rights in its BAUDUCCO Registrations.  See Exhibit B. (emphasis added).

49.     Defendant further falsely alleged in its complaint with Amazon that Defendant "… received a package not from the seller."  This breaking Amazon (*sic*) terms of service by dropshipping our product from other sites (i.e. Walmart, ebay, Sam's Club)."  See Exhibit B.

50.     Defendant knew, or should have known, that such allegations were false as the shipping label received along with the relevant shipping clearly indicated that it was shipped from Plaintiff's own facility and not a third party drop shipper.

51.     The complaint submitted to Amazon was signed under penalty of perjury by an employee or agent of Defendant.

52.     For example, when submitting an infringement report to Amazon, an intellectual

property rights owner must read and accept the following statements:

"I have a good faith belief that the content(s) described above violate(s) my rights
described above or those held by the rights owner, and that the use of such
content(s) is contrary to law."

"I declare, under penalty of perjury, that the information contained in this
notification is correct and accurate and that I am the owner or agent of the owner
of the rights described above."

Report Infringement, https://www.amazon.com/report/infringement (last visited September 15,

2021).

53.     On information and belief, Katherine Shibata, Defendant's brand manager,

signed and submitted the false intellectual property complaint described below.  See Exhibit B

(showing that the contact name and email address for the person who submitted false complaint

was Kate and the email address was sellercompliance@bauduccofoods.com).

54.     Once confirmed, Ms. Shibata and all other individual(s) responsible for the false

intellectual property complaints described below will be added as defendants in this action.

55.     On or about November 14, 2022, Plaintiff received a notice from Amazon stating

that its listing for Bauducco Panettone (ASIN: B00F6MI5R2) had been removed because it

received "a report from a rights owner that they may infringe the rights owner's intellectual

property."  See, e.g., Exhibit B. (emphasis added)

56.     Exhibit B is a true and correct copy of an email received by Plaintiff from

Amazon which contains a report relating to a BAUDUCCO Product, which is referenced by its

AmazonStandard Identification Numbers ("ASIN").

57.     The BAUDUCCO Products identified as "Violation type: Intellectual property

(Product Packaging, Word Mark,)" in the above report were genuine products.

58.     The BAUDUCCO Products identified as "Violation type: Intellectual property (Product Packaging, Word Mark,)" in the above report were manufactured by Defendant.

59.     The BAUDUCCO Products identified as "Violation type: Intellectual property (Product Packaging, Word Mark,)" in the above report were purchased by Plaintiff from Defendants authorized USA distributor, Triunfo Foods Import & Export Corp.

60.     On information and belief, prior to filing the above report, Defendant performed at least one test purchase and knew, or should have known, that the product(s) were genuine.

61.     On information and belief, Defendant's allegation that the above BAUDUCCO Products infringed Plaintiff's trademarks and were shipped in violation of Amazon's policies was knowingly false and made in bad faith.

62.     Defendant's false complaint submitted to Amazon, resulted in the suspension of Plaintiff's ability to sell BAUDUCCO Products.  The relevant Amazon complaint is listed below:



63.     The BAUDUCCO Products identified as "Trademark on Product" above were genuine.

64.     The BAUDUCCO Products identified as "Trademark on Product" in each of

RUZ & RUZ, PL
255 Alhambra Cir., Suite 500, Coral Gables, FL 33134 • Telephone (305) 921-9326 • Facsimile (888) 506-2833

the above were manufactured by Defendant.

65.     On information and belief, prior to filing the above reports, Defendant performed at least one test purchase(s) and knew, or should have known, that the products were not infringing of any of Plaintiff's trademark rights.

66.     On information and belief, Defendant's allegations that the above BAUDUCCO Products infringed Plaintiff's trademarks and were shipped in violation of Amazon's policies was knowingly false and made in bad faith.

### DEFENDANT REFUSED TO RETRACT THEIR FALSE REPORTS

67.     Since November 2022, Plaintiff has sought in good faith to resolve the above complaint with Defendant, and despite having no support for their allegations, have refused to retract their baseless complaints.

68.     On or about November 3, 2022, counsel for Plaintiff's, Paul Overhauser, sent an email to Defendant requesting support for its allegation of trademark infringement or, in the alternative, a withdrawal of the complaint.  Exhibit D.

69.     On or about November 3, 2022, Plaintiff's counsel Paul Overhauser received an email from Plaintiff stating that Plaintiff was "in the process of removing all unauthorized sellers from online marketplaces such as Amazon.com." See Exhibit E. Plaintiff continued by arguing that because the relevant products sold under the BAUDUCCO mark were "without the consent of Bauducco [and] do not come with the same services and benefits that accompany authentic Bauducco products sold by Authorized Dealers, they are materially different."  Id.

70.     Additionally, on or about November 9, 2022, Plaintiff received a demand letter from Plaintiff arguing *inter alia* that "Even if you purchased or otherwise obtained

the products legally from an Authorized Reseller, the "first sale doctrine" does not protect you from liability for your trademark infringement…." See Exhibit F.

71.     To date, Defendant has failed to provide any support for their allegations that Plaintiff has sold any BAUDUCCO Products which are non-genuine or otherwise materially different from any other genuine BAUDUCCO Products sold through its authorized distributors.

## HARM TO PLAINTIFF

72.     As a result of the above false rights complaints, Plaintiff's listings relating to BAUDUCCO Products were suspended, resulting in an immediate loss of revenue.

73.     It is well-known that complaints to Amazon put Amazon sellers in jeopardy of a full selling suspension, meaning that Plaintiff's ability to sell any and all products on Amazon would be lost.

74.     On information and belief, Defendant was aware that complaints to Amazon, particularly those alleging the sale of infringing and/or counterfeit products, result in selling suspensions.

75.     On information and belief, Defendant has used these same tactics, namely filing false infringement complaints, against other Amazon sellers.

76.     At no time has Plaintiff ever sold any infringing and/or counterfeit BAUDUCCO Products or otherwise non genuine products containing the BAUDUCCO designation.

77.     The BAUDUCCO Products sold by Plaintiff were, at all times, authentic products bearing the name of the manufacturer, and were otherwise, at all times, sold lawfully.

78.     Defendant knowingly made a false intellectual property rights complaint against Plaintiff.

79.     Additionally, Defendant knowingly made a false complaint against Plaintiff alleging that Defendant was dropshipping products knowing that it is a serious breach of Amazon's policies, which could lead to Defendant's loss of ability to sell on Amazon.

80.     Defendant knowingly published false and defamatory reports to Amazon.

81.     Upon information and belief, the true purpose of these was to ensure the suspension of Plaintiff's marketplace listings, control pricing and eliminate fair competition. As a result of Defendant's false complaints, Plaintiff's performance metrics have been irreparably damaged.

82.     It is well-known that as much as 90% of all Amazon sales occur from Amazon's "buy box," a section of an Amazon product detail page where customers can add a product to their cart.

83.     Amazon determines which seller gets the "buy box" based on a number of factors, including the seller's performance metrics.

84.     Defendant's false complaints and reviews have damaged Plaintiff's metrics and caused Plaintiff to lose the "buy box" on many of its product listings.

85.     In order to avoid the possibility of further damage, including but not limited to permanent loss of ability to sell on Amazon, Plaintiff quickly removed any and all BAUDUCCO branded Products from the Amazon platform.

86.     These BAUDUCCO branded Products which Plaintiff was forced to remove from the Amazon platform due to Defendant's unlawful action comprise of approximately 64

separate Stock Keeping Unit ("SKU") products.

87.     As a result of Defendant's false complaints, Plaintiff estimates that it will lose

approximately $75,000 worth of lost sales of BAUDUCCO branded Products yearly.

**COUNT I**
**DECLARATORY JUDGMENT**
(No Trademark Infringement or Counterfeiting)

88.     Plaintiff realleges paragraphs 1 through 87 above and incorporates them by

reference as if fully set forth herein

89.     Defendant and its related companies manufacture and distribute BAUDUCCO

Products and places such products into the stream of commerce.

90.     Plaintiff stocks, displays, and resells new, genuine BAUDUCCO

Products, each bearing a true mark.

91.     Defendant has submitted one or more complaints to Amazon that state that

Plaintiff has sold products which infringe upon the BAUDUCCO Registrations.

92.     The BAUDUCCO Products sold by Plaintiff were genuine BAUDUCCO

products purchased directly through Defendant's authorized distributor, Triunfo Foods Import &

Export Corp., and therefore do not infringe upon Defendant's trademark rights.

93.     Because Plaintiff sells only genuine products (which are in no way materially

different from those sold directly through Defendant's authorized distributors) through its

Amazon storefront,Defendant has no legitimate intellectual property claim(s) against Plaintiff.

94.     Defendant's complaints have caused the suspension of Plaintiff's selling

privileges as they relate to BAUDUCCO Products.

RUZ & RUZ, PL
255 Alhambra Cir., Suite 500, Coral Gables, FL 33134 • Telephone (305) 921-9326 • Facsimile (888) 506-2833

95.     Defendant's repeated false complaints caused the suspension of Plaintiff's selling privileges as they relate to any and all products until Plaintiff thereafter was forced to remove all BAUDUCCO branded products from its listings.

96.     As a result of Defendant's false complaints, on or about November 14, 2022, Plaintiff received a notice from Amazon stating that its listing for Bauducco Panettone (ASIN: B00F6MI5R2) had been removed because it received "a report from a rights owner that they may infringe the rights owner's intellectual property."

97.     Defendant's complaints put Plaintiff in jeopardy of permanent suspension of all selling privileges, which will cause extraordinary, irreparable, and untold damage on a business that is in the virtually exclusive business of selling products on e-commerce platforms.

98.     Defendant has further threatened legal action against Plaintiff should Plaintiff continue to sell its genuine BAUDUCCO branded products through the Amazon platform.  See Exhibit F.

99.     Under these facts, an actual controversy exists between Plaintiff and Defendant.

100.    Plaintiff is entitled to a declaratory judgment that it has not sold counterfeit BAUDUCCO Products.

101.    Plaintiff is entitled to a declaratory judgment that its sales of genuine BAUDUCCO Products do not violate or otherwise infringe the BAUDUCCO Registrations.

102.    Plaintiff is entitled to a declaratory judgment that it has not violated Defendant's trademark rights or other rights, whether under Federal or State law.

## COUNT II
## FALSE OR MISLEADING REPRESENTATION AND

## UNFAIRCOMPETITION PURSUANT TO 15 U.S.C. § 1125

103.    Plaintiff realleges paragraphs 1 through 87 above and incorporates them by reference as if fully set forth herein.

104.    This is a claim for false or misleading representation of fact and unfair competition under 15 U.S.C. § 1125(a).

105.    Plaintiff and Defendant compete for sales of the relevant products.

106.    Plaintiff has a commercial interest in its commercial and business reputation.

107.    Plaintiff has established a business reputation as a popular and trusted seller of consumer products on Amazon's marketplace.

108.    Defendant has knowingly made false, misleading, and defamatory statements in commerce through Amazon's infringement reporting tools relating to the products associated with Plaintiff.  These statements actually deceived Amazon and are likely to deceive and confuse the public (i.e., Amazon's marketplace users) into believing that Plaintiff's products are counterfeit and/or infringe Defendant's intellectual property.

109.    Defendant has knowingly made false, misleading, and defamatory statements in commerce through Amazon's infringement reporting tools relating to the products associated with Plaintiff.  These statements actually deceived Amazon into believing that Plaintiff had violated Amazon's strict policies against dropshipping.

110.    Defendant's reports to Amazon were designed to advance their business interests by removing Plaintiff's listings from the Amazon marketplace thereby increasing Defendant's market share.

111.    Defendant's false and misleading representations were sufficiently disseminated

RUZ & RUZ, PL
255 Alhambra Cir., Suite 500, Coral Gables, FL 33134 • Telephone (305) 921-9326 • Facsimile (888) 506-2833

to actual and prospective customers by way of the reports to Amazon so as to constitute advertising.

112.    Defendant's false and misleading representation of Plaintiff's alleged infringement has misled, confused, and deceived customers and prospective customers as to Plaintiff's reputation.  Further, these misrepresentations have the capacity to continue misleading, confusing, and deceiving Plaintiff's customers and prospective customers.

113.    The false and misleading representations had a material effect on Plaintiff's customers' and prospective customers' decisions to do business with Plaintiff.

114.    Defendant has made these false and misleading representations in interstate commerce and these false and misleading representations affect interstate commerce.

115.    On information and belief, Defendant had actual knowledge that Defendant had no support for the complaints that Defendant submitted to Amazon in connection with Plaintiff's product, and Defendant acted with the intent that Plaintiff's ability to sell BAUDUCCO Products be removed thereby forcing consumers to purchase BAUDUCCO Products directly from Defendant and/or select distributors.

116.    Defendant's complaints have caused the suspension of Plaintiff's selling privileges as they relate to BAUDUCCO Products.

117.    Furthermore, because of Defendant's false complaints, on or about November 14, 2022, Plaintiff received a notice from Amazon stating that its listing for Bauducco Panettone (ASIN: B00F6MI5R2) had been removed because it received "a report from a rights owner that they may infringe the rights owner's intellectual property."

118.    Plaintiff's injuries fall within the zone of interest protected by the Lanham Act because Defendant's false advertising and disparaging misrepresentations

have caused Plaintiff to suffer a loss of goodwill, a loss of sales, and damage to its commercial and business reputation.

119.    Defendant's wrongful acts as alleged in this Complaint constitute false or misleading representation of fact and unfair competition under 15 U.S.C. § 1125(a).

120.    The damage to Plaintiff's economic and reputational injuries were directly caused by Defendant's false and misleading representations.

121.    As a direct and proximate result of Defendant's actions, constituting false or misleading representation of fact and unfair competition, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

122.    As a direct and proximate result of Defendant's actions, constituting false or misleading representation of fact and unfair competition, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law.

123.    Defendant will continue their actions, constituting false or misleading representation of fact and unfair competition, unless enjoined by this Court.

## COUNT III –
## UNFAIR COMPETITION PURSUANT TO
## FLORIDA COMMON LAW

124.    Plaintiff realleges paragraphs 1 through 87 above and incorporates them by reference as if fully set forth herein.

125.    This is a claim for unfair competition, arising under the common law of the State of Florida.

126.    By reason of all of the foregoing, Defendant, as a market competitor of Plaintiff,

engaged in deceptive conduct by disseminating false and misleading representations that Plaintiff sold BAUDUCCO Products which unlawfully infringed on the BAUDUCCO Registrations.

127.    Defendant's conduct caused consumer confusion because it had a material effect on Plaintiff's customers' and prospective customers' decisions and ability to purchase Plaintiff's products or do business with Plaintiff.

128.    As a result of Defendant's unfair competition, Plaintiff's customers and prospective customers were actually deceived or are likely to deceived and confused into believing that Plaintiff's products are counterfeit and/or otherwise infringe upon Defendant's BAUDUCCO Registrations.

129.    As a direct and proximate result of Defendant's actions, constituting false or misleading representation of fact and unfair competition, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

130.    As a direct and proximate result of Defendant's actions, constituting false or misleading representation of fact and unfair competition, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law.

131.    Defendant will continue their actions, constituting false or misleading representation of fact and unfair competition, unless enjoined by this Court.

## COUNT IV
## TORTIOUS INTERFERENCE WITH
## CONTRACT AND BUSINESS RELATIONS

132.    Plaintiff realleges paragraphs 1 through 87 above and incorporates them by reference as if fully set forth herein.

133.    Plaintiff has had an advantageous business relationship with Amazon, which

allows Plaintiff to sell on Amazon's e-commerce platform as a third-party seller.

134.    Plaintiff is also in a contractual relationship with Amazon.

135.    At all relevant times, Defendant was aware of Plaintiff's business relationship with Amazon, as well as Plaintiff's contractual relationship with Amazon.

136.    At all relevant times, Defendant was aware of the terms and conditions of Amazon, as well as the advantageous business relationship that comes with being an Amazon seller.

137.    Defendant intentionally and improperly interfered with Plaintiff's advantageous and contractual relationship with Amazon by falsely complaining, in writing, to Amazon, that Plaintiff was selling products which infringed on the Defendants trademark rights.

138.    Defendant intentionally and improperly interfered with Plaintiff's advantageous and contractual relationship with Amazon by falsely complaining, in writing, to Amazon, that Plaintiff was dropshipping products in violation of Amazon's strict policies.

139.    Defendant's conduct directly and proximately caused disruption of Plaintiff's relationship and contract with Amazon.

140.    Defendant intended to cause Amazon to suspend Plaintiff's ability to sell the relevant BAUDUCCO Products on Amazon and therefore interfere with the business relationship Amazon had with Plaintiff.

141.    As a result of Defendant's intended actions, on or about November 14, 2022, Plaintiff received a notice from Amazon stating that its listing for Bauducco Panettone (ASIN: B00F6MI5R2) had been removed because it received "a report from a rights owner that they may infringe the rights owner's intellectual property" resulting in lost revenues to Plaintiff.

142.    Defendant had actual knowledge that its actions would cause Amazon to

suspend Plaintiff's ability to sell BAUDUCCO Products and would likely cause Plaintiff's Amazon Storefront to be suspended, thus affecting Plaintiff's ability to sell any of its products on Amazon, including but not limited to the relevant BAUDUCCO Products on Amazon.

143.    Defendant's false accusations of trademark infringement and dropshipping, made directly to Amazon, were for the improper purpose of suppressing competition.

144.    Defendant's actions interfered with Plaintiff's business relationship with Amazon and proximately caused Plaintiff's listing of BAUDUCCO Products to be suspended.

145.    Additionally, as a result of Defendant's false complaints, Plaintiff estimates that it will lose approximately $75,000 worth of lost sales of BAUDUCCO branded Products alone yearly.

146.    The intentions of Defendant are demonstrated by the fact that Defendant was unable to provide any evidence in support of their complaints and, nevertheless, refused to withdraw their complaints.

147.    The bad faith intentions of Defendant are further demonstrated by the fact that Defendant performed at least 1 test purchase prior to alleging that the products sold by Plaintiff were infringing on the BAUDUCOO Registrations and that Plaintiff was dropshipping its products against Amazon policy.

148.    Defendant's accusations were false and were made maliciously and with ill will.

149.    Plaintiff has been damaged by suspension of these listings by losing revenue related of BAUDUCCO Products.

150.    Plaintiff is entitled to damages, costs and attorneys' fees as allowed by law.

RUZ & RUZ, PL
255 Alhambra Cir., Suite 500, Coral Gables, FL 33134 • Telephone (305) 921-9326 • Facsimile (888) 506-2833

151.    Plaintiff has suffered injury and, unless Defendant is enjoined from such activity, will continue to suffer injury.

**COUNT V**
**DEFAMATION**

152.    Plaintiff realleges paragraphs 1 through 87 above and incorporates them by reference as if fully set forth herein.

153.    Defendant published false statements to Amazon regarding Plaintiff as described in this Complaint, including reporting to Amazon that Plaintiff sold "infringing" BAUDUCCO Products, implying that Plaintiff's BAUDUCCO products were counterfeit.

154.    Plaintiff did not sell counterfeit BAUDUCCO Products nor any products which otherwise infringe upon the BAUDUCCO Registrations.

155.    Defendant's false statements were injurious to Plaintiff's business because they caused Amazon to suspend Plaintiff's selling privileges related to BAUDUCCO Products.

156.    In order to avoid the possibility of further damage, including but not limited to permanent loss of ability to sell on Amazon, Plaintiff quickly removed any and all BAUDUCCO branded Products from the Amazon platform.

157.    These BAUDUCCO branded Products which Plaintiff was forced to remove from the Amazon platform due to Defendant's unlawful actions comprise of approximately 64 separate Stock Keeping Unit ("SKU") products.

158.    As a result of Defendant's false complaints, Plaintiff estimates that it will lose approximately $75,000 worth of lost sales of BAUDUCCO branded Products yearly.

RUZ & RUZ, PL
255 Alhambra Cir., Suite 500, Coral Gables, FL 33134 • Telephone (305) 921-9326 • Facsimile (888) 506-2833

159.    Defendant's false statements were injurious to Plaintiff's business because they caused Amazon's and Plaintiff's customers to avoid purchasing products from Plaintiff.

160.    Upon information and belief, Defendant was, at a minimum, negligent in making the false statements to Amazon because, among other things, Defendant knew that Plaintiff sells genuine products.

161.    Defendant's false statements are not protected by any privilege.

162.    Defendant acted with actual malice or with reckless disregard for the truth of the matter contained in Defendant's false statements to Amazon and Plaintiff's customers.

163.    False statements that are directed to the honesty, efficiency, or other business character traits amount to defamation per se.

164.    Here, Defendant published statements that Plaintiff was engaged in trademark infringement and possibly counterfeiting, which is a criminal offense.

165.    Defendant's false statements constitute defamation per se.

166.    Additionally, Plaintiff incurred special harm, including, but not limited to, suspension from selling BAUDUCCO Products and damage to its relationship with Amazon and itscustomers.

167.    As a result of Defendant's intended actions, on or about November 14, 2022, Plaintiff received a notice from Amazon stating that its listing for Bauducco Panettone (ASIN: B00F6MI5R2) had been removed because it received "a report from a rights owner that they may infringe the rights owner's intellectual property" resulting in lost revenues to Plaintiff.

168.    Plaintiff is entitled to damages, costs, and fees as allowed by law.

169.    Plaintiff has suffered injury and, unless Defendant is enjoined from such

activity, will continue to suffer injury.

## COUNT VI
## TRADE LIBEL

170.    Plaintiff realleges paragraphs 1 through 87 above and incorporates them by reference as if fully set forth herein.

171.    Defendant knowingly published false and derogatory statements regarding Plaintiff's business.

172.    Specifically, Defendant published false and materially derogatory statements that Plaintiff was selling "infringing" BAUDUCCO Products, implying that Plaintiff's BAUDUCCO products were counterfeit.

173.    Defendant's statements that Plaintiff was selling "infringing" BAUDUCCO Products were calculated to prevent others (including Amazon and Amazon's customers) from doing business with Plaintiff and interfered with Plaintiff's business relationships with these parties.

174.    As discussed above, on information and belief, Defendant knew that submitting false complaints to Amazon would cause Amazon to suspend Plaintiff's product listings (including but not limited to the relevant BAUDUCCO Products).

175.    Defendant's false and derogatory statements to Amazon were a substantial factor in inducing these parties not to conduct business with Plaintiff.

176.    Plaintiff suffered special damages as a result of Defendant's statements in the form of lost dealings.

177.    As a result of Defendant's false complaint, Plaintiff's product listings were removed from Amazon, resulting in direct and immediate loss in revenue to Plaintiff.

RUZ & RUZ, PL
255 Alhambra Cir., Suite 500, Coral Gables, FL 33134 • Telephone (305) 921-9326 • Facsimile (888) 506-2833

178.    Additionally, in order to avoid the possibility of further damage, including but not limited to permanent loss of ability to sell on Amazon, Plaintiff quickly removed any and all BAUDUCCO branded Products from the Amazon platform.

179.    These BAUDUCCO branded Products which Plaintiff was forced to remove from the Amazon platform due to Defendant's unlawful action comprise of approximately 64 separate Stock Keeping Unit ("SKU") products.

180.    As a result of Defendant's false complaints, Plaintiff estimates that it will lose approximately $75,000 worth of lost sales of BAUDUCCO branded Products yearly.

181.    Plaintiff is entitled to damages, costs, and fees as allowed by law.

182.    Plaintiff has suffered injury and, unless Defendant is enjoined from such activity, will continue to suffer injury.

## COUNT VII
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES

183.    Plaintiff realleges paragraphs 1 through 87 above and incorporates them by reference as if fully set forth herein.

184.    Defendant knowingly published false and derogatory statements regarding Plaintiff's business.

185.    Specifically, Defendant published false and materially derogatory statements that Plaintiff was selling "infringing" BAUDUCCO Products, implying that Plaintiff's BAUDUCCO products were counterfeit.

186.    Defendant's statements that Plaintiff was selling "infringing" BAUDUCCO Products were calculated to prevent others (including Amazon and Amazon's customers)

from doing business with Plaintiff and interfered with Plaintiff's business relationships with these parties.

187.     As discussed above, on information and belief, Defendant knew that submitting false complaints to Amazon would cause Amazon to suspend Plaintiff's product listings (including but not limited to the relevant BAUDUCCO Products).

188.     Defendant's false and derogatory statements to Amazon were a substantial factor in inducing these parties not to conduct business with Plaintiff.

189.     The Defendant's actions constitute unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of Florida Statute § 501.204.

190.     The Defendant has willfully undertaken these acts, made unlawful under section 501.204 of the Florida Statutes, and knew or should have known that such uses, or practices were unlawful.

191.     Additionally, in order to avoid the possibility of further damage, including but not limited to permanent loss of ability to sell on Amazon, Plaintiff quickly removed any and all BAUDUCCO branded Products from the Amazon platform.

192.     These BAUDUCCO branded Products which Plaintiff was forced to remove from the Amazon platform due to Defendant's unlawful action comprise of approximately 64 separate Stock Keeping Unit ("SKU") products.

193.     As a result of Defendant's false complaints, Plaintiff estimates that it will lose approximately $75,000 worth of lost sales of BAUDUCCO branded Products yearly.

194.     Plaintiff is entitled to damages, costs, and fees as allowed by law.

195.     Plaintiff has suffered injury and, unless Defendant is enjoined from such

activity, will continue to suffer injury.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for judgment as follows:

A.      An order declaring that Plaintiff has not infringed any valid and enforceable intellectual property right owned by Defendant;

B.      Preliminary and permanent injunctive relief restraining Defendant, its agents, servants, employees, successors and assigns, and all others in concert and privity with Defendant, from filing false complaints with Amazon and any other e-commerce platform.

C.      Injunctive relief requiring Defendant to rescind all complaints that they have filed against Plaintiff;

D.      An award of all damages that Plaintiff has suffered as a result of Defendant's false representations and unfair competition;

E.      An award of all damages that Plaintiff has suffered as a result of Defendant's tortious interference;

F.      An award of all damages that Plaintiff has suffered as a result of Defendant's defamation;

G.      An award of all damages that Plaintiff has suffered as a result of Defendant's trade libel;

H.      An award of all damages that Plaintiff has suffered as a result of Defendant's deceptive and unfair trade practices made unlawful under section 501.204 which it willfully undertook;

I.      An award that Defendant be required to pay to Plaintiffs the costs of this action and

reasonable attorneys' fees

J.      An award of all costs and fees incurred in this Action; and

K.      Such other and further relief as the Court shall find just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.


Dated:  December 14, 2022


Respectfully submitted,

**RUZ & RUZ, PL**
Counsel for the Plaintiff.
255 Alhambra Circle, Suite 500
Coral Gables, Florida 33134
Telephone No. (305) 921-9326
Facsimile No.   (888) 506-2833

By:___/s/ Rick Ruz, Esq._____
        Rick Ruz, Esq.

**Florida Bar No. 42090**